

August 12, 2020

**VIA CM/ECF**

The Honorable Julie A. Robinson
Chief Judge
United States District Court for the
District of Kansas
500 State Avenue, Suite 511
Kansas City, KS 66101

      Re:    Promotional Headwear Int'l v. The Cincinnati Ins. Co., Inc.,
             No. 20-cv-2211-JAR-GEB

Dear Judge Robinson:

      Pursuant to Local Rule 7.1(f), Plaintiff Promotional Headwear respectfully brings to the Court's attention recent decisions relevant to Defendant's pending Motion to Dismiss (Dkt. 7).

      On August 12, 2020, the Hon. Stephen R. Bough, United States District Judge for the Western District of Missouri, denied in their entirety two motions to dismiss filed by Defendant in COVID-19 related insurance coverage cases. *See* Order, *Studio 417, Inc., et al. v. The Cincinnati Ins. Co.*, No. 20-cv-03127-SRB (W.D Mo. Aug. 12, 2020) (attached as Exhibit A); Order, *K.C. Hopps, Ltd. v. The Cincinnati Ins. Co.*, No. 20-cv-00437-SRB (W.D. Mo. Aug. 12, 2020) (attached as Exhibit B) (collectively, the "Orders"). Those cases involve the same insurer, the same defense counsel, and virtually identical insurance policies and factual allegations as this case. Notably, Plaintiff's counsel here filed the *K.C. Hopps* case, and its opposition briefs in both cases make substantially similar arguments.

      In the Orders, Judge Bough ruled in the plaintiffs' favor on the threshold issue, concluding that they plausibly alleged "direct physical loss" under Defendant's policies because COVID-19 has "deprived Plaintiffs of their property" by making it unsafe and unsuitable. Ex. A at 8-9. In doing so, Judge Bough specifically rejected Defendant's argument that coverage under the Policy requires a "tangible, physical alteration" to property. Ex. A at 9. The Orders also differentiate between physical "loss" and "damage," *id.*, which distinguishes this Court's ruling in *Great Plains Ventures, Inc. v. Liberty Mutual Fire Ins. Co.*, as Plaintiff noted in its Opposition brief here (Dkt. 17 at 13). Finally, the Orders conclude that the plaintiffs adequately stated claims for coverage under policy provisions for Business Income, Extra Expense, Civil Authority, Ingress and Egress, and Sue and Labor. Ex. A at 8-9, 13-16. The Orders applied Missouri law, but noted that Defendant conceded that Missouri and Kansas law are identical in all ways relevant to the motion (Ex. A at 6 n.3).

      Judge Bough's Orders fully support Plaintiff's argument that the Court should deny Defendant's Motion to Dismiss in full.

**STUEVE SIEGEL HANSON**

August 12, 2020
Page 2

                        Sincerely,

                        **STUEVE SIEGEL HANSON LLP**

                        Patrick J. Stueve

cc:    All counsel of record via ECF