

August 26, 2020

**VIA CM/ECF**

The Honorable Julie A. Robinson
Chief Judge
United States District Court for the
District of Kansas
500 State Avenue, Suite 511
Kansas City, KS 66101

    *Re:*    Promotional Headwear Int'l v. The Cincinnati Ins. Co., Inc.,
            No. 20-cv-2211-JAR-GEB, Response to Defendant's Notice of Supplemental
            Authority

Dear Judge Robinson:

      Pursuant to Local Rule 7.1(f), Plaintiff Promotional Headwear respectfully responds to Defendant's Notice of Supplemental Authority, filed on August 19, 2020 (Dkt. 22).

      Defendant's Notice attaches four orders it argues are relevant to its pending motion to dismiss. At the outset, none of the cases involve the policy at issue here, in stark contrast to the orders denying motions to dismiss Plaintiff cited in its Notice of Supplemental Authority (Dkt. 20), which involve the same insurer, same arguments by same defense counsel, and virtually identical insurance policies and factual allegations as this case.

      Moreover, the decisions Defendant identifies are not controlling, are distinguishable, or were wrongly decided. While acknowledging the numerous cases around the country finding physical loss can be "caused by something invisible to the naked eye," *Diesel Barbershop* determined that "within [the Fifth] Circuit, loss requires a physical alteration. Dkt. 22 at 16. Defendant's brief cites no controlling Tenth Circuit or Kansas precedent. Also, *Diesel Barbershop* contained a virus exclusion, which the court determined applied.

      *Rose's 1* was decided at the summary judgment stage, and the plaintiffs offered "no evidence that COVID-19 was actually present on their insured properties at the time they were forced to close." *Id.* at 26. Plaintiffs here have alleged COVID-19 was present on their property and the surrounding area. Nothing in *Rose's 1* suggests that COVID-19 cannot cause physical loss or damage as a matter of law.

      *Inns by the Sea* is a one paragraph order without any analysis. Dkt. 22 at 33. Although Defendant attaches a transcript of the motion to dismiss hearing, the court made no ruling on the record. Any inference regarding the basis of the court's decision therefore is pure speculation.

      Finally, in *Mama Jo's* the plaintiff sought coverage after nearby road construction caused dust and debris to settle on its property. Dkt. 22 at 77. The court held that under Florida law, dust

**STUEVE SIEGEL HANSON**

August 26, 2020
Page 2

and debris did not constitute physical loss. Nothing indicates Kansas law follows Florida law in this regard, and COVID-19, in contrast to dust and debris, causes an immediate and direct threat to human health.

Sincerely,

**STUEVE SIEGEL HANSON LLP**

Patrick J. Stueve

cc:     All counsel of record via ECF